```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DERRICK HAMILTON,

             Plaintiff,

    -vs-

Commissioner BRIAN FISCHER, New
York State's Department of
Correctional Services, Director
NORMAN BEZIO, Supt. JAMES CONWAY,
Supt. PAUL CHAPPIUS, Dep. Supt.
Pro. DOLCE, Captain BROWN, Captain
C. ROBINSON, Sergeant PETER
CORCORAN, CO C. BURGIO, CO M.
DUSTERHUS, CO HEMBROOK,

             Defendants.

**DECISION AND ORDER**
**No. 6:12-cv-06449(MAT)**

_____

**I.   Introduction**

Proceeding <u>pro se</u>, Derrick Hamilton ("Plaintiff") instituted this action pursuant to 42 U.S.C. § 1983 asserting various violations of his constitutional rights by Defendants, who are employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). This Court issued a Decision and Order partially granting Defendants' motion to dismiss several individual defendants and causes of action. Presently, the following defendants remain: Captain Robinson ("Capt. Robinson"), Sergeant Corcoran, Corrections Officer ("CO") Burgio, and CO Dusterhus.

Capt. Robinson now has moved for summary judgment dismissing the portion of Plaintiff's Fifth Claim alleging excessive use of

force in violation of the Eighth Amendment at his disciplinary hearing, as that is the only remaining cause of action in which Capt. Robinson is named.

## II. Background

From October 14, to October 23, 2009, Capt. Robinson acted as the hearing officer at a disciplinary hearing based on a misbehavior reported filed against Plaintiff on October 8, 2009, for allegedly assaulting staff. Plaintiff alleges in his Fifth Claim that Capt. Robinson subjected him to

> physical torture and dehumanization during the course of what amounted to essentially a kangaroo court by: a) having [him] participate with both hands literally handcuffed behind [his] back although [he] was secured in a 2-by-4 metal cage; b) denied [him] the use of my reading glasses forcing [him] to try to read without them. . . and c) by failing to have CO s loosen the handcuff when [he] repeatedly reported to him that they were extremely tight.

Complaint ("Compl.") (Dkt #1), p. 14; see also id., p. 19.

## III. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see generally, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,

depositions, answers to interrogatories, and admissions on file.'" Celotex Corp., 477 U.S. at 324.

In order to establish a material issue of fact, the nonmovant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quotation omitted).

Because Plaintiff's complaint alleges civil rights violations, and he is proceeding pro se, the Court must "construe his complaint with particular generosity." Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002) (per curiam) (citing Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999)), abrogated on other grounds, Porter v. Nussle, 534 U.S. 516 (2002).

**IV. Discussion**

    **A. Plaintiff's Eighth Amendment Claim Regarding the Tight Restraints**

The portion of the Fifth Claim challenged by Capt. Robinson is the allegation that he violated Plaintiff's Eighth Amendment rights by failing to loosen Plaintiff's wrist restraints during the hearing. "A specific body of case law has developed in district

courts in this Circuit when evaluating excessive force claims due to tight handcuffing." Wang v. Vahldieck, No. 09-CV-3783(ARR)(VVP), 2012 WL 119591, at *8 (E.D.N.Y. Jan. 9, 2012) (collecting cases). In evaluating the reasonableness of the application of handcuffs, courts consider (1) whether the handcuffs were unreasonably tight; (2) whether the defendants ignored the plaintiff's complaints that the handcuffs were too tight; and (3) the degree of injury to the plaintiff's wrists. Id. (citing Esmont v. City of New York, 371 F. Supp.2d 202, 215 (E.D.N.Y. 2005) (citing Burchett v. Kiefer, 310 F.3d 937, 944-45 (6th Cir. 2002); Genia v. New York State Troopers, No. 03-CV-0870(JFB)(AKT), 2007 WL 869594, at *20-21 (E.D.N.Y. Mar. 20, 2007); Fifield v. Barrancotta, 545 F. Supp.2d 307, 310-11 (W.D.N.Y. 2008)). Capt. Robinson relies solely on portions of the hearing transcript, which do not reflect complaints by Plaintiff. However, it is possible that Plaintiff complained to the accompanying corrections officers at times that the recording device was turned off. Plaintiff's statements are at odds with Defendants' version of events and require the Court to weigh the credibility of witnesses, a determination the Court is not permitted to undertake in the context of deciding a summary judgment motion. See, e.g., Hayes v. New York City Dep't of Corrs., 84 F.3d 614, 619 (2d Cir. 1996) ("In applying [the Rule 56] standard, the court should not weigh evidence or assess the credibility of witnesses. These determinations are within the sole

province of the jury.") (internal and other citations omitted). Accordingly, Capt. Robinson's motion for summary judgment on the excessive force claim based on the application of too-tight handcuffs is denied.

### B. Plaintiff's Claim Regarding the Denial of His Reading Glasses

In its previous Decision and Order, the Court dismissed Plaintiff's claim that he was denied his right to prepare a defense because he was denied access to his reading glasses while he was in SHU prior to the hearing, and because Capt. Robinson did not obtain Plaintiff's reading glasses for him to use during the hearing. The Court found that the claim was belied by the hearing record inasmuch as it appeared that Plaintiff was able to read from documents during the hearing. After re-reviewing the hearing transcript and conducting further research, the Court sua sponte has determined that it should reinstate Plaintiff's claim that he was denied his right to marshal evidence and prepare a defense because he was denied access to his reading glasses while he was in SHU and during the disciplinary hearing. See Cusamano v. Sobek, 604 F. Supp.2d 416, 435 & n. 30 (N.D.N.Y. 2009) ("[T]he Court possesses the inherent authority to sua sponte reconsider its own orders before they become final (absent some rule or statute to the contrary).") (citing R.M.S. Titanic, Inc. v. Wrecked and Abandoned Vessel, 924 F. Supp. 714, 716 (E.D. Va. 1996) (stating the court

has the power "to reconsider its prior Order either <u>sua sponte</u> under Rule 60(b) of the Federal Rules of Civil Procedure or under its inherent power to modify and interpret its original order"); other citations omitted).

**V.   Conclusion**

For the foregoing reasons, Capt. Robinson's motion for summary judgment (Dkt #25) dismissing Plaintiff's Eighth Amendment claim based on the excessive use of force is denied in its entirety. Furthermore, as discussed above, the Court <u>sua sponte</u> has determined to reinstate Plaintiff's due process claim against Capt. Robinson based on the denial of access to his reading glasses. Accordingly, Capt. Robinson remains a defendant in this action.

**SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          December 7, 2015