UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRICK HAMILTON,

                              Plaintiff,

v.

CAPTAIN C. ROBINSON, et al.,

                              Defendants.
_____

<u>DECISION & ORDER</u> and
<u>AMENDED SCHEDULING ORDER</u>

12-CV-6449T

        Plaintiff Derrick Hamilton ("Hamilton") has sued several Department of Corrections and Community Supervision ("DOCCS") employees, including Corrections Officer Burgio, Corrections Officer Dusterhus, Captain Robinson, and Sergeant Corcoran,[1] alleging violations of his constitutional rights under 42 U.S.C. § 1983. (Docket ## 1; 21 at 44-45). The claims arise out of Hamilton's incarceration at Attica Correctional Facility. (*Id.*).

        On December 14, 2015, defendants filed a motion seeking an extension of time to conduct discovery and file dispositive motions. (Docket # 58). In their motion, defendants acknowledge that the Court's scheduling order required discovery to be completed by June 13, 2014, and dispositive motions to be filed on or before January 16, 2015 (Docket ## 30; 48; 58-1 at ¶ 11), but argued that good cause existed to extend these deadlines in this case (Docket # 58-1 at ¶¶ 7-12). According to defendants, on December 7, 2015, the district court issued a decision on a motion for summary judgment filed by one of the defendants. (Docket # 56). In that decision, which was issued after the deadlines for discovery and dispostive motions had passed, the district court denied Captain Robinson's motion for summary judgment on Hamilton's

---

[1] The complaint also asserted claims against DOCCS and several other employees, which have been dismissed. (Docket ## 3, 21).

excessive force claim and reinstated Hamilton's previously dismissed due process claim. (Docket ## 56; 58-1 at ¶¶ 7, 9-11).  Defendants now seek to reopen discovery in order to permit them to conduct additional discovery, including a deposition of Hamilton, relating to the excessive force and due process claims.  (Docket # 58-1 at ¶ 14).  They also request permission to file a dispositive motion relating to these claims after discovery is concluded.  (*Id.* at ¶ 15).

On December 15, 2015, the district court issued a notice requiring Hamilton to respond by December 30, 2015.  At Hamilton's request, the district court extended this deadline three times before referring the motion to this Court for resolution on June 15, 2016.  (Docket ## 60, 62, 64, 67, 68).  On June 16, 2016, this Court issued a motion scheduling order requiring Hamilton to respond to defendants' motion by no later than July 8, 2016.  (Docket # 69).  At Hamilton's request, the Court extended his deadline to respond to July 29, 2016.  (Docket # 72). Despite requesting several extensions and being granted in excess of seven months to respond to the motion, Hamilton has never filed an opposition to defendants' request to reopen discovery and to extend the dispositive motion deadline.

"Failure to oppose a pending motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion." *Ellison v. Allstate Indem. Co.*, 2013 WL 6191576, *1 (W.D.N.Y. 2013) (citing *TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motion was sufficient basis to grant motion by default) and *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same)).  In this case, the motion scheduling order afforded Hamilton sufficient time to respond to the pending motion.  Hamilton has not opposed the pending motion, and nothing in the docket suggests that Hamilton's failure to respond was an oversight.  Rather, Hamilton's repeated requests for extensions demonstrate

that he was well aware of the deadlines set by the Court.  Accordingly, defendants' motion to reopen discovery and to extend the dispositive motion deadline **(Docket # 58)** is **GRANTED**.  It is hereby

ORDERED, that the current scheduling order (Docket # 48) is amended as follows:

1. Discovery is reopened limited to discovery relating to the excessive force claim against Captain Robinson and the due process claim relating to the denial of eyeglasses during the disciplinary hearing.  Such discovery shall conclude on **August 1, 2017**.  All motions to compel discovery shall be made returnable on or before **August 1, 2017**.

2. Any dispositive motions relating to those two claims shall be filed no later than **October 2, 2017**.  **NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

3. Responding papers are due by **November 2, 2017**.  Reply papers, if any, shall be filed by **November 24, 2017**.  The motion will be taken under advisement without oral argument.

4. If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

5. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

6. **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter**

3

**appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April 28, 2017

# *PRO SE* NOTICE

**Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

**In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.**

**Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.**

**Pursuant to Rules 7(a) and 56(a) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.**

**If plaintiff has any questions, he/she may direct them to the Pro Se Office.**

**Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York.**